## STATE v. URIAH S. LEE, FRANK B. LEE AND HARRY SUTTON.

Argued November 4, 1903—Decided February 23, 1904.

1. On trial of an indictment for the unlawful dredging of oysters under section 22 of the act approved March 22d, 1901 (*Pamph. L., p.* 317), it is not necessary for the state to prove that the oyster bed in question had been marked, buoyed or staked by or under the supervision of the state oyster commission.

2. When a defendant is on trial for doing certain physical acts with a certain purpose, and the acts charged point indubitably to that purpose, it is not reversible error for the trial judge, in charging the jury, to refer to proof of the acts as sufficient proof of guilt, without expressly referring to the purpose, there being no request or suggestion on behalf of the defendant that the purpose should be more particularly mentioned.

On error to the Cumberland Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the state, *J. Hampton Fithian,* prosecutor of the pleas, and *Walter H. Bacon.*

For the defendants, *James Buchanan.*

The opinion of the court was delivered by

DIXON, J. The defendants were indicted under the twenty-second section of an act approved March 22d, 1901 (*Pamph. L., p.* 317), for casting their oyster dredges upon an oyster bed, "duly marked, buoyed and staked up," within the waters of Delaware bay and Maurice river cove, below the "southwest line," belonging to and in possession of Edward Allen under a lease from the state oyster commission, without the permission of said lessee. On trial in the Cumberland Sessions they were convicted on the first count of the indictment and found

not guilty on the second count, which charged larceny of the oysters.

The acquittal under the second count dispenses with further remark as to the charge of larceny. We are now concerned only with the first count.

The defendants, in order to reverse the conviction, urge some objections to the constitutionality of the statute; but further consideration of them is precluded by the decision of this court in *State* v. *Corson,* 38 *Vroom* 178.

The defendants insist that the trial court should have directed an acquittal, because the state did not prove that the oyster bed in question had been "duly marked, buoyed and staked up" by or under the supervision of the state oyster commission. We think such proof was not necessary. That commission must, according to the eighth section of the act, measure the leased lands, ascertain and locate their metes and bounds by ranges, mountains or other means so that their limits may be accurately fixed and easily located, and must make maps thereof; but any competent person may place the marks, buoys or stakes which are to render the leased bed distinguishable by inspection as private grounds.

The defendants also object that there was no proof of correspondence between the bed as staked and the bed leased or mapped. This objection is without support in fact. The testimony of Allen, Hilton and Boyle furnishes the required proof and, indeed, such correspondence seems not to have been questioned at the trial.

Another objection is that the jury were not expressly instructed that proof of a "purpose to catch oysters" was necessary to warrant a conviction. Such a purpose is essential to guilt, but doubtless the trial judge assumed, as every person concerned in the trial appears to have done, that no other purpose could have actuated the defendants if, as claimed by the state, they threw oyster dredges from an oyster boat upon an oyster bed and hauled them in again. If a more specific charge on that point was desired it should have been requested.

We find no substantial error in either the admission or the exclusion of evidence, or in the charge to the jury. The court's comments on testimony were plainly within the range of reasonable discretion.

As no error, capable of prejudicing the defendants in maintaining their defence upon the merits, has been pointed out, the judgment below must be affirmed.